JEMMA E. DUNN
Nevada Bar No. 16229
MATTHEW T. HALE
Nevada Bar No. 16880
MICHAEL A. BURNETTE
Nevada Bar No. 16210
**GREENBERG GROSS LLP**
1980 Festival Plaza Drive, Suite 730
Las Vegas, Nevada 89135
Telephone: (702) 777-0888
Facsimile: (702) 777-0801
*JDunn@GGTrialLaw.com*
*MHale@GGTrialLaw.com*
*MBurnette@GGTrialLaw.com*

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SHAWNICE CABRAL, an individual,<br><br>Plaintiff,<br><br>v.<br><br>FIRSTSERVICE RESIDENTIAL, NEVADA, LLC dba FIRST SERVICE RESIDENTIAL NEVADA, a Delaware limited-liability company,<br><br>Defendant. | Case No.: 2:25-cv-00860-MMD-EJY<br><br>**STIPULATION TO EXTEND DISCOVERY DEADLINES**<br><br>**(FIRST REQUEST)** |

Plaintiff Shawnice Cabral ("Plaintiff"), by and through her counsel of record, Greenberg Gross LLP, and Defendant FirstService Residential, Nevada, LLC dba First Service Residential Nevada ("Defendant") by and through its counsel of record, King Scow Koch Durham LLC, hereby stipulate and agree to extend the unexpired discovery deadlines for ninety days (90). This is the parties' first request for an extension.

-1-
STIPULATION TO EXTEND DISCOVERY DEADLINES
(FIRST REQUEST)

**A.     Discovery Completed to Date.**

To date, the parties have exchanged initial disclosures of documents and witnesses pursuant to FRCP 26(a)(1). Plaintiff served her Initial Disclosures on July 10, 2025, and Defendant served its Initial Disclosures on July 16, 2025. Plaintiff served its First Supplemental Disclosures on August 27, 2025, and its Second Supplemental Disclosures on October 20, 2025. Defendant served its Second Supplemental Disclosures on October 20, 2025.

The parties have also exchanged written discovery. Plaintiff served its First Set of Requests for Production of Documents on Defendant on July 10, 2025, to which Defendant responded on August 12, 2025. Plaintiff served her First Set of Interrogatories on Defendant on September 4, 2025. Plaintiff also served her Second Set of Requests for Production of Documents on Defendant on September 4, 2025. Defendant served its First Set of Requests for Production of Documents on Plaintiff on September 6, 2025, to which Plaintiff responded on October 20, 2025. Defendant respectively served its responses to Plaintiff's First Set of Interrogatories on October 20, 2025.

In addition to party discovery, Plaintiff has pursued third-party discovery. On June 25, 2025, Plaintiff issued a subpoena to the Nevada Equal Rights Commission ("NERC") for its investigation file related to Plaintiff's charge of discrimination. NERC produced responsive documents in August 2025 (bates-numbered CABRAL-0000330 through CABRAL-0000715). On September 4, 2025, Plaintiff noticed a subpoena to The Hartford for production on October 6, 2025, seeking documents related to Plaintiff's disability claims and appeals.

**B.     Discovery Which Still Needs to Occur.**

Defendant intends to depose Plaintiff. Plaintiff intends to take an FRCP 30(b)(6) deposition of Defendant regarding Defendant's policies, procedures, employment practices, FMLA administration, disability accommodation processes, and the circumstances surrounding Plaintiff's employment and termination. Plaintiff also intends to depose Defendant's employees, including Christine Pacquing (Plaintiff's supervisor), Chona Vallejo (Human Resources Manager), Jennifer Severs (Corporate Human Resources Manager), and Miriam Rodriguez (former Payroll Analyst).

**C.     Proposed Schedule for Completing Remaining Discovery.**

**Discovery Cut-Off Date** - The December 15, 2025, discovery cut-off date shall be extended

ninety (91) days to **Monday, March 16, 2026** (as the 90th day lands on a non-judicial date, Sunday March 15, 2026).

**Dispositive Motions** - The January 14, 2026, dispositive motions deadline shall be extended to **Wednesday, April 15, 2026,** which is thirty (30) days after the discovery deadline.

**Pretrial Order** - If no dispositive motions are filed, the Joint Pretrial Order shall be filed thirty (30) days after the date set for the filing of the dispositive motions, which is **Friday, May 15, 2026**. In the event dispositive motions are filed, the date for filing the Joint Pretrial Order shall be suspended until thirty (30) days after the decision on the dispositive motions or by further order of the Court.

### D.  Good Cause Supports the Request to Extend the Deadlines as Set Forth Herein.

When a stipulation requires the modification of the scheduling order, the parties must first satisfy the "good cause" standard established by Rule 16(b). See *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 608 (9th Cir. 1992); see also Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"). The good cause inquiry is focused on the movant's reasons for seeking to modify the scheduling order and primarily considers the movant's diligence*. In re W. States Wholesale Nat. Gas Antitrust Litig*., 715 F.3d 716, 737 (9th Cir. 2013). The key determination is whether the subject deadline "cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609. The Court considers whether relief from the scheduling order is sought based on the development of matters that could not have been reasonably anticipated at the time the schedule was established. *Jackson v. Laureate, Inc., 186 F.R.D. 605, 608 (E.D. Cal. 1999).* Courts may also consider other pertinent circumstances, including whether the movant was diligent in seeking modification of the scheduling order once it became apparent that the movant required relief from the deadline at issue. *Sharp v. Covenant Care LLC,* 288 F.R.D. 465, 467 (S.D. Cal. 2012). "The diligence obligation is ongoing" such that parties must "diligently attempt to adhere to [the deadlines in the scheduling order] throughout the subsequent course of the litigation." *Id.*

Good cause supports the parties' request to extend the Discovery Cut-Off, Dispositive Motions, and Pretrial Order Deadlines. The parties have exchanged substantial written discovery

1  between one another following the Early Neutral Evaluation scheduled for August 15, 2025, which
2  was vacated due to a significant disparity in settlement positions. [ECF No. 21]. The parties
3  subsequently stipulated to a settlement conference, which has been scheduled for December 15,
4  2025, the same date as the current discovery deadline. [ECF No. 13; ECF Nos. 29-30]. The parties
5  have been diligently pursuing discovery while simultaneously focusing their resources on settlement
6  efforts, which may obviate the need for extensive litigation.

7        The parties have diligently exchanged initial disclosures, supplemental disclosures, multiple
8  sets of written discovery, and substantial document productions totaling over 1,300 pages. The
9  parties have also pursued third-party subpoenas, including from NERC and The Hartford. However,
10 substantial discovery remains, including numerous fact witness depositions, medical provider
11 depositions, and completion of third-party discovery. The volume of remaining discovery cannot
12 reasonably be completed by December 15, 2025, particularly given the holiday period and the
13 settlement conference scheduled for that date. The parties are seeking this extension promptly upon
14 recognizing that the deadline cannot be met, demonstrating the ongoing diligence in conducting
15 discovery in this case. The extension will not prejudice either party and will serve judicial economy
16 by allowing the parties to complete discovery if the matter does not resolve at the settlement
17 conference, which may facilitate resolution without the need for dispositive motions or trial.

18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

-4-
STIPULATION TO EXTEND DISCOVERY DEADLINES
(FIRST REQUEST)

The Parties submit that these circumstances satisfy the required good cause in extending the Discovery Cut-Off, Dispositive Motions, and Pretrial Order Deadlines.

The Parties hereby stipulate to the aforementioned.

| | |
|---|---|
| */s/ Michael A. Burnette* | */s/ Matthew L. Durham* |
| JEMMA E. DUNN | STEVEN B. SCOW |
| Nevada Bar No. 16229 | Nevada Bar No. 9906 |
| MATTHEW T. HALE | MATTHEW L. DURHAM |
| Nevada Bar No. 16880 | Nevada Bar No. 10342 |
| MICHAEL A. BURNETTE | MACKENZIE SODERBERG |
| Nevada Bar No. 16210 | Nevada Bar No. 16564 |
| GREENBERG GROSS LLP | KING SCOW KOCH DURHAM LLC |
| 1980 Festival Plaza Drive, Suite 730 | 11500 S. Eastern Ave., Suite 210 |
| Las Vegas, Nevada 89135 | Henderson, Nevada 89052 |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |

**ORDER**

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

DATED: November 25, 2025